IN THE UNITED STATES DISTR ICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAVIER GOMEZ,<br>  Plaintiff, | :<br>:<br>: |
| v. | :    CIVL ACTION NO. 19-CV-4413 |
| | : |
| COMMONWEALTH OF PA, *et al.*,<br>  Defendants. | :<br>: |

**MEMORANDUM**

**BARTLE, J.**                            **DECEMBER 10, 2019**

  Plaintiff Javier Gomez brings this *pro se* civil action pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against numerous individuals and governmental entities.[1] Gomez seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Gomez leave to proceed *in forma pauperis*, and dismiss his Complaint.[2]

**I.  FACTUAL ALLEGATIONS**

  According to the Complaint, an "alleged traffic violation(s) occurred on 9/22/17 at approx. 2235-2255, started at N. Plum Street & E. Orange Street & I got stopped & illegally

---

[1] Gomez is currently incarcerated at SCI-Chester, having been convicted of numerous drug, firearm, and other offenses. *See Commonwealth v. Gomez*, No. CP-36-CR-0005496-2017 (Lancaster C.P.).

[2] In a prior order, the Court dismissed claims brought on behalf of other members of the Gomez family. (ECF No. 5.) In that order, the Court also directed Gomez to file his prisoner account statement in accordance with § 1915(a). Gomez provided two copies of his account statement and filed a document styled "Amendment," which discusses certain difficulties Gomez allegedly experienced trying to obtain his statement. (ECF No. 7.) The Court does not consider that filing as an amended complaint. A prior "Amendment" filed by Gomez consisted of only a cover page clearly intended to be part of Gomez's initial Complaint. (ECF No. 4.)

detained at the 400 Block of S. Prince Street." (ECF No. 2 at 5.)[3] Gomez further describes the incident:

> Nothing happened to Annie & Andy . . . I saw and heard Annie P. Roth & Andrew Ryan Lundgren say, "Oh shit, I think I saw an undercover cop car . . ." & they began to move irratically in the vehicle & hide stuff all over the car. I asked them to stop moving but they didn't listen. Two or five minutes later I see lights, but I don't hear anything so I keep driving approx. 2 minutes later I see blue & red lights w/ sound and I immediately stopped at the 400 block of S. Prince Street. Annie Patricia Roth and Andrew R. Lundgren are involved & I got arrested illegally.

(*Id.* at 6.) Gomez describes further conduct giving rise to his claims:

> Before this incident I was undergoing an antibiotic treatment for a swollen left leg & I informed the arresting officers & they did not care nor listen. The antibiotics cause diarrhea & other side effects & even though I had already defecated 2 or 3 times prior to my illegal detainment/kidnapping, I informed the arresting officers that I had to go again during an hour period during my arrest, transport & at the police station. I ended up defecating on myself before fingerprinting & paperwork & 5 more times after that. Hence, cruel & unusual punishment, deliberate indifference, theft, etc. . .

(*Id.*)

Based on the foregoing, Gomez asserts claims pursuant to 42 U.S.C. § 1983 based on alleged violations of his First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Tenth, Eleventh and Fourteenth Amendment rights, and his statutory right to redemption. (*Id.* at 4.) Gomez also alleges that contract, commercial and civil laws were violated in the course of his arrest, also giving rise to a § 1983 claim. (*Id.*) He further alleges that he was subjected to a warrantless search, illegal search and seizure, and prejudiced by fruit of the poisonous tree. (*Id.*) Gomez also asserts a *Bivens* claim, based on his allegation that unnamed individuals broke into and entered his personal vheicle and searched it without his consent and without jurisdiction,

---

[3] The Court adopts the pagination assigned by the CM/ECF docketing system.

conducted a search without a warrant and an illegal search and seizure, violated the fruit of the poisonous tree doctrine, engaged in cruel and unusual punishment and kidnapping, illegally detained him, and violated his First, Second, Fourth, Fifth, Sixth, Eighth, Tenth and Fourteenth Amendment rights and his civil and commercial rights. (*Id.*)

Gomez requests the following relief:

> 1.) Tried Annie P. Roth & Andrew R. Lundgren equally, criminal & civil court;[4]
> 2.) Release Javier Gomez from slavery/bondage immediately without parole/probation with prejudice & expunge from record;[5]
> 3.) Fired Detective Jessica Higgins, Ofc. Codi-Amanda Bleu Herr, MDJ Honorable Bruce Roth, Brother & District Judge to Annie R. Roth & the City of Lancaster, PA for collusion/conspiracy, etc. . .
> 4.) Three Million-Three Hundred Thousand Dollars and Thirty Three Cents ($3,300,000.33) for Pain & Suffering, Theft of Property, Damages, Lost Wages, etc.

(*Id.*)

## II. STANDARD OF REVIEW

The Court will grant Gomez leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[6] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the complaint if it fails to state a

---

[4] The Court lacks the ability to direct the prosecution of Roth and Lundgren. *See Godfrey v. Pennsylvania*, 525 F. App'x. 78, 80 n.1 (3d Cir. 2013) (per curiam) ("[T]here is no federal right to require the government to initiate criminal proceedings." (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973))); *Mikhail v. Kahn*, 991 F. Supp. 2d 596, 636 (E.D. Pa. 2014) ("[F]ederal courts lack the power to direct the filing of criminal charges,"), *aff'd*, 572 F. App'x. 68 (3d Cir. 2014) (per curiam).

[5] "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Thus, Gomez's request for release is not proper in this civil rights case.

[6] However, as Gomez is a prisoner, he will be obligated to pay the filing fee in installments pursuant to § 1915(b).

claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Gomez is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

Read liberally, Gomez alleges that in the course of a traffic stop, he was subjected to an illegal search of his vehicle and arrested. Subsequently, in the course of being fingerprinted and processed, he alleges he was subjected to cruel and unusual punishment when arresting and processing officers ignored his requests to use a bathroom.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). A *Bivens* claim is the federal equivalent to an action brought under 42 U.S.C. § 1983 and is governed by the same legal principles. *Brown v. Philip Morris, Inc.*, 250 F.3d 789, 800 (3d Cir. 2001). To state a *Bivens* claim, the plaintiff must allege that the defendant, acting under color of federal law,[7] deprived him of a right secured by the Constitution or laws of the United States. *Id.*

---

[7] Gomez alleges that Officers Jessica Higgins and Codi Amanda Herr "were dressed w/ their uniforms & acting as agents of Lancaster City Bureau Police, Lancaster County & Commonwealth of Pennsylvania; hence agents of the Federal Government so defendants are liable in Personal, Professional, Civil, Federal capacity; Local, State & Federal." (ECF No. 2 at 5.) *Bivens* liability extends only to individuals employed by the federal government, *see Minneci*

4

at 800. Significantly, in both § 1983 and *Bivens* actions, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998). Here, Gomez does not allege how each defendant was involved in the alleged deprivation of his rights, and his Complaint, therefore, must be dismissed.

Gomez names 24 defendants in the caption of his Complaint: the Commonwealth of Pennsylvania and the Pennsylvania State Police,[8] the City of Lancaster and the Lancaster

---

*v. Pollard*, 565 U.S. 118,126 (2012), and Defendants Higgins and Herr, as Officers of the Lancaster Police, are not federal officials subject to *Bivens* liability, notwithstanding Gomez's allegation to the contrary. Gomez does not allege that any other individual defendant was acting under color of federal law, and his *Bivens* claim, accordingly, must be dismissed for want of a proper defendant.

[8] The Eleventh Amendment bars § 1983 actions against states unless the state has consented to the filing of such a suit. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). Pennsylvania has specifically declined to waive the Commonwealth's Eleventh Amendment immunity except in specific circumstances that are not apparently applicable here. *See* 1 Pa. Cons. Stat. § 2310 (1998); 42 Pa. Cons. Stat. § 8521(b) (1980). Moreover, states are not "persons" subject to liability under §1983. *Will v. Michigan Dep.t of State Police*, 491 U.S. 58 (1989). Eleventh Amendment immunity extends to the Pennsylvania State Police. *Capograsso v. Supreme Court of N.J.*, 588 F.3d 180, 185 (3d Cir. 2009).

Police,[9] Judge Bruce Roth,[10] District Attorney Craig W. Stedman and Assistant District Attorneys Ondecheck and Barry G. Goldman,[11] Detectives Jessica Higgins, Jeffrey Bell and K. Fry, Sergeant Michael Dean, Officers Codi-Amanda Bleu Herr and Ryan Yoder, and individuals Annie P. Roth, Michael Bradley, Andrew R. Lundgren, Robert Cooper, Juan David, Rick Allen Shiffler, Drew Hollinger, Michelle Trout, L.C.W.C., and John and Jane Doe Judges and Police

---

[9] To state a claim for municipal liability against the City of Lancaster, Gomez must allege that Lancaster's policies or customs caused the alleged constitutional violation. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978); *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). He "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009). He has not done so in his Complaint. Moreover, following *Monell*, courts concluded that a police department is a sub-unit of the local government and, as such, is merely a vehicle through which the municipality fulfills its policing functions. *See, e.g., Johnson v. City of Erie, Pa.*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993). Thus, while a municipality may be liable under 1983, a police department, as a mere sub-unit of the municipality, may not. *Id.*; *Martin v. Red Lion Police Dep't.*, 146 F. App'x. 558, 562 n.3 (3d Cir. 2005) (per curiam) (stating that police department is not a proper defendant in an action pursuant to 42 U.S.C. 1983 because it is a subdivision of its municipality). *See also Bush v. City of Philadelphia Police Dep't*, 684 F. Supp. 2d 634, 636 (E.D. Pa. 2010) (dismissing the Philadelphia Police Department as a matter of law because it is not a legal entity separate from the City of Philadelphia); *Gremo v. Karlin*, 363 F. Supp. 2d 771, 780-81 (E.D. Pa. 2005) (dismissing City of Philadelphia Police Department and the City of Philadelphia Police Department Northeast Detective Division).

[10] Judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (per curiam); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam). An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). Moreover, "[g]enerally . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'" *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)).

[11] Prosecutors are entitled to absolute immunity from liability under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). Moreover, District Attorneys and other supervisory prosecutors are likewise entitled to absolute immunity from claims based on their role in pursuing a prosecution on behalf of the Commonwealth. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 348-49 (2009).

Officers. (ECF No. 2 at 1.) The body of the Complaint refers to only six of them. Gomez alleges that Defendants Annie P. Roth and Andrew R. Lundgren were present in the car with him at the time of the traffic stop giving rise to his claims, that they acted erratically upon seeing a police car, and hid items in Gomez's car.[12] (*Id.* at 6.) He alleges that Officers Jessica Higgins and Codi Amanda Herr "were dressed w/ their uniforms & acting as agents of Lancaster City Bureau Police," (*id.* at 5,) but does not state when or where, and does not describe any conduct they engaged in while in their uniforms. (*See* ECF No. 2.) In his request for relief, Gomez requests that Judge Roth, who is identified as the brother of Defendant Annie Roth, be fired for engaging in collusion or a conspiracy with the City of Lancaster, (*id.* at 13,) but nowhere describes the conspiracy or any acts taken in furtherance of it. (*See* ECF No. 2.) The are no allegations in the Complaint as to the remaining named Defendants.

In short, Gomez's Complaint does not include any allegations as to any conduct engaged in by any of the named Defendants that allegedly violated his Constitutional rights. His Complaint, therefore, must be dismissed. Because this Court cannot state with certainty that Gomez will be unable to state a viable claim, he will be granted leave to amend his Complaint.

---

[12] Section 1983 requires that an individual acting under color of state law engaged in the conduct allegedly violative of the Constitution. The allegations in the Complaint suggest that Annie Roth and Andrew Lundgren were private citizens, not state actors. Whether a defendant is acting under color of state law—i.e., whether the defendant is a state actor—depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). "To answer that question, [the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted). There are simply not enough facts alleged in Gomez's Complaint to make this determination.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Gomez leave to proceed *in forma pauperis*, dismiss his Complaint and grant him leave to amend. An appropriate Order follows.