## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JAVIER GOMEZ,                         **:**
     **Plaintiff,**                  **:**
                              **:**
     **v.**                           **:**       **CIVIL ACTION NO. 19-CV-4413**
                              **:**
**COMMONWEALTH OF PA, *et al.*,**   **:**
     **Defendants.**             **:**

## ORDER

AND NOW, this 10th day of December, 2019, upon consideration of Plaintiff Javier Gomez's Motion to Proceed *In Forma Pauperis* (ECF No. 1), his Prisoner Trust Fund Account Statements (ECF No. 6 and 8), and his *pro se* Complaint (ECF No. 2), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. Gomez, #NX-9353, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Superintendent of SCI-Chester or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Gomez's inmate account; or (b) the average monthly balance in Gomez's inmate account for the six-month period immediately preceding the filing of this case. The Superintendent or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Clerk of Court with a reference to the docket number for this case. In each succeeding month when the amount in Gomez's inmate trust fund account exceeds $10.00, the Superintendent or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Gomez's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

3.      The Clerk of Court is directed to **SEND** a copy of this order to the Superintendent of SCI-Chester.

4.      The Complaint is **DEEMED** filed.

5.      The Complaint is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for the reasons stated in the Court's Memorandum.

6.      Gomez may file an amended complaint within thirty (30) days of the date of this Order.  Any amended complaint must identify all defendants in the caption of the amended complaint.  Gomez must also identify them in the body of the amended complaint and shall state the basis for his claims against each defendant.  The amended complaint must also provide as much identifying information for the defendants as possible.  Gomez may refer to a defendant by last name only if that is the only identifying information possessed.  If Gomez wishes to name individuals for whom he does not have any identifying information, he may refer to those individuals as John Doe #1, John Doe #2, etc.[1]  The amended complaint shall be a complete document that does not rely on or refer to the initial Complaint or other papers filed in this case to state a claim.  When drafting his amended complaint, Gomez should be mindful of the Court's reasons for dismissing the claims in his initial Complaint as explained in the Court's Memorandum and shall not repeat a claim that is not viable.  Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

---

[1] Without the name of at least one individual or entity, however, the Court may be unable to direct service of any amended complaint that Gomez may file.

7.      The Clerk of Court is **DIRECTED** to send Gomez a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Gomez may use this form to file his amended complaint if he chooses to do so.

8.      If Gomez fails to file an amended complaint in accordance with this Order, his case may be dismissed without further notice for failure to prosecute.

**BY THE COURT:**

**/s/ Harvey Bartle III**
                                                                          **J.**